IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WILLIE M. LAMBERT,                 :

    Plaintiff,                 :

vs.                                :
                              CIVIL ACTION 07-0326-M

MICHAEL J. ASTRUE,                 :
Acting Commissioner of
Social Security,                   :

    Defendant.                 :

## MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. §§ 405(g), Plaintiff seeks judicial review of an adverse social security ruling which denied a claim for disability insurance benefits.  The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 18).  Oral argument was heard on January 30, 2008.  Upon consideration of the administrative record, the memoranda of the parties, and oral argument, it is **ORDERED** that the decision of the Commissioner be **REVERSED** and that this action be **REMANDED** for further actions not inconsistent with the Orders of this Court.

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Ser-

vices, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the most recent administrative hearing, Plaintiff was forty-one years old, had completed two years of college education (Tr. 478), and had previous work experience as a day care teacher, a security officer, and an office worker (Tr. 479). In claiming benefits, Plaintiff alleges disability due to chronic daily migraines, chronic coccyx pain, bilateral trochanteric bursitis, chronic low back pain, and subpatellar osteoarthritis (Doc. 14 Fact Sheet).

The Plaintiff filed an application for disability insurance benefits on March 27, 2003 (Tr. 134-36). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that Lambert is capable of performing her past relevant work as a collection clerk, driver, security guard, and day care teacher (Tr. 20-34).[1] Plaintiff requested review of the

---

[1]This was not the first decision rendered by the ALJ; however, the Court finds it unnecessary to detail the protracted history of this case, noting that the ALJ has previously done so (*see* Tr. 22-23).

hearing decision (Tr. 17-19) by the Appeals Council, but it was denied (Tr. 7-9).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, Lambert alleges that:  (1) The ALJ disregarded some of the evidence of record; (2) the ALJ posed an improper hypothetical to the vocational expert; and (3) she is unable to perform her past relevant work (Doc. 14).  Defendant has responded to—and denies—these claims (Doc. 15).

The Plaintiff first claims that the ALJ disregarded some of the evidence.  More specifically, Lambert asserts that the ALJ has disregarded-and failed to properly analyze-evidence of her pain (Doc. 14, pp. 4-10).  The Court notes that the standard by which the Plaintiff's complaints of pain are to be evaluated requires "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."  *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (citing *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). The Eleventh Circuit Court of Appeals has also held that the determination of whether objective medical impairments could reasonably be expected to produce the pain was a factual question

to be made by the Secretary and, therefore, "subject only to limited review in the courts to ensure that the finding is supported by substantial evidence."  *Hand v. Heckler*, 761 F.2d 1545, 1549 (11th Cir.), *vacated for rehearing en banc*, 774 F.2d 428 (1985), *reinstated sub nom. Hand v. Bowen*, 793 F.2d 275 (11th Cir. 1986).

The Court notes at the outset that Lambert has been treated by the VA Medical Center since January 23, 1990, as reflected by 176 pages of medical notes (*see* Tr. 242-356, 391, 394-97, 405-60).  In spite of the ALJ's reference to the "paucity of medical evidence in this case" (Tr. 31), the Court notes these records are replete with complaints of-and treatment for-migraine headaches.  As early as December 1, 1999, the VA found that Plaintiff was sixty percent disabled (Tr. 215); the ALJ acknowledged that ten percent of that sixty percent was based on her headaches (Tr. 483).  The VA has since determined that, as of December 13, 2004, Lambert's headaches caused her to be fifty percent disabled (Tr. 472).[2]

Of particular interest in the VA medical evidence is a report from Dr. William F. Seith, a VA Neurologist, who stated the following:

> As of 12/13/04, I believe Ms. Lambert

---

[2] The Court notes that this determination was not made until after the ALJ had rendered his decision.

> had faithfully participated in all prescribed
> treatments for her HAs, and that the
> treatments prescribed to date were
> comprehensive representation of all available
> treatments likely to reduce her reported
> discomfort; and yet she had not received
> sufficient relief to allow her to return to
> work as a reliable employee; and therefore
> she might be reasonably considered disabled
> because of these HAs for regular employment,
> and I see little prospect of that changing
> unless new and effective treatments are
> developed.

(Tr. 394).  Although the ALJ referenced this report (Tr. 26), he failed to state what evidentiary weight he was giving it. Instead, he summarily stated that "no credible treating or consultative physicians has opined that the claimant was disabled because of any physical and/or mental condition or from any resulting symptoms" (Tr. 29).  The ALJ is required to "state specifically the weight accorded to each item of evidence and why he reached that decision."  *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).  Because the ALJ failed to discuss what weight he gave Dr. Seith's opinion concerning Lambert's disabling headaches, the Court finds that he has not met his burden under *Cowart* and has failed to properly apply the pain standard set out in *Holt*.  Therefore, the Court cannot say that the ALJ's decision is supported by substantial evidence.

   Based on review of the entire record, the Court finds that the Commissioner's decision is not supported by substantial evidence.  Therefore, it is **ORDERED** that the action be **REVERSED** and

5

**REMANDED** to the Social Security Administration for further administrative proceedings consistent with this opinion, to include, at a minimum, a supplemental hearing for the gathering of evidence regarding Plaintiff's pain.  Judgment will be entered by separate Order.

DONE this 31st day of January, 2008.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE
